Arthur J. GOLDBERG, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

The HOOPER–HOLMES BUREAU, INC., a corporation, and William R. McBroom, Defendants.

Civ. A. No. 7482.

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 2, 1962.

Beverly R. Worrell, Regional Director, U. S. Dept. of Labor, Birmingham, Ala., and M. J. Parmenter and Roger Martinson, Attys., U. S. Dept. of Labor, Atlanta, Ga., for plaintiff.

King & O'Conor, New York City, and Spalding, Sibley, Troutman, Meadow & Smith, Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

The Secretary of Labor brought this suit to enjoin alleged violations of the Fair Labor Standards Act, wage hour provisions, 29 U.S.C.A. § 201 et seq. Jurisdiction of this action is conferred by § 217.

The issue to be determined is whether the Court in the exercise of its sound discretion has the authority to require the Secretary of Labor to furnish a list of witnesses that will be called at the trial on the merits.

The Secretary urges that by producing a list of witnesses it would, in effect, be revealing the identity of certain informers. Accordingly, the Secretary made a formal claim of privilege.

Conceding that the Secretary may avail himself of the privilege to refuse to disclose the identity of an informer it must be noted that such a privilege is however, completely distinguishable from the local rule requiring a party to list the witnesses it will have available at the trial. It has been the practice of this Court for some time to require each party to attach a list of witnesses that will be available at the trial to the Proposed Final Pre-Trial Order. Rule 16 (6), Federal Rules of Civil Procedure, 28 U.S.C.A.; Local Rule 10(d, g).

*Paragraph 8(a)* of that Order provides:

"In the absence of reasonable notice to opposing counsel to the contrary plaintiff will call or will have available at the trial the witnesses whose names appear on Exhibit 'g' attached hereto (the general subject of the testimony of each witness also being given)."

*Paragraph 8(b)* provides for a defendant's list in like manner.

The essential purposes of these rules is to promote fairness by eliminating the "sporting" disadvantage attendant upon the production of an unfamiliar witness. It may be, as the Secretary urges, that some of the witnesses produced will be informers, but this fact does not detract from the eventuality that their identities will certainly be revealed upon the trial— a choice ultimately made by the Secretary or his agents. Therefore, it is not unreasonable to require their disclosure ten days before the trial by completing the Pre-Trial Order, Exhibit "K".

Accordingly this case is set for trial on the December 3, 1962 non-jury calendar. The motion to dismiss may be renewed on or after November 23, 1962 for non-compliance with this Order.